UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID MEEK                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 2:15cv4-DPJ-FKB

GOLD COAST SKYDIVERS, INC., et al.                                              DEFENDANTS

ORDER

This diversity case is before the Court on Defendants Performance Designs, Inc., Parachute Laboratories, Inc., Vigil America, Inc., United Parachute Technology, Inc., Uninsured United Parachute Technologies, LLC, and A.A.D., SA's Motions to Dismiss for Insufficiency of Process and Insufficiency of Service of Process [28, 37, 65, 67, 69, 102].

I.     Facts and Procedural History

On August 3, 2013, Plaintiff David Meek traveled to the I.H. Bass, Jr. Memorial Airport in Lumberton, Mississippi, to engage the services of a recreational skydiving facility allegedly operated by Defendants Gold Coast, Emerald, and SkySystems as a joint venture.  Meek, a novice with no prior skydiving experience, was set to participate in a "tandem skydive" whereby he would be attached by harness to an experienced skydiver (the "parachutist in command").  To prepare for the jump, Meek was asked to watch a short safety video, but received no other training from Defendants.  *See* Proposed Am. Compl. [39] ¶¶ 16  19.

After watching the training video, Meek was flown to jumping altitude in a plane owned   and allegedly operated   by Emerald.  Meek and the parachutist in command, James Horak, jumped from the aircraft between 10:00 a.m. and 11:00 a.m. and shortly thereafter attempted to open the main canopy, but it failed to deploy properly.  Horak then attempted to deploy the reserve parachute, but it also failed to deploy.  Per Federal Aviation Administration

("FAA") regulations, all tandem parachute systems are required to have an automatic activation device (AAD) to force the deployment of the reserve parachute. But the device employed in this case — a "Vigil II" model — never activated. As a result, the reserve parachute never opened, causing Meek and Horak to directly impact the ground in a swampy area of Lamar County. *Id.* ¶¶ 20–25.

Meek alleges that despite being aware of the parachute failures, Defendants failed to notify the Sheriff's office until approximately 2:00 p.m. and continued regular operations even after Meek and Horak failed to land in the Airport drop zone. Rescuers ultimately discovered them between 3:00 p.m. and 5:00 p.m., finding Horak deceased and Meek conscious, but with serious injuries. Although Meek has recovered from some of his injuries, others have left him with permanent damage, including the inability to use his legs and the limited use of his upper extremities. He has also suffered from continuous pain and has been unable to work since the incident. *Id.* ¶¶ 26–29.

Meek filed suit in this Court on January 20, 2015, alleging claims of negligence, gross negligence, products liability, and breach of express and implied warranties. He seeks damages in the amount of $25,000,000. In addition to the aforementioned Defendants, Meek joined the following Defendants: (1) Leanne Igo (the president of Gold Coast and Emerald and a member of SkySystems); (2) Benjamin Crowell (a skydiving instructor and parachute rigger affiliated with Gold Coast, SkySystems, and Emerald); (3) United Parachute Technology, Inc. and Uninsured United Parachute Technologies, LLC (the manufacturers of the tandem harness and container used to connect Meek and Horak); (4) Parachute Laboratories, Inc. (the main canopy designer and manufacturer); (5) Performance Designs, Inc. (the reserve parachute designer and

2

manufacturer); (6) A.A.D., SA (the foreign manufacturer of the Vigil II AAD); (7) Vigil America, Inc. (A.A.D., SA's United States distributor); (8) the City of Lumberton, Mississippi (an alleged member of the joint venture to operate the skydiving facility); and (9) John Does 1–15.

Following service, Defendants Performance Designs, Inc., Parachute Laboratories, Inc., Vigil America, Inc., United Parachute Technology, Inc., Uninsured United Parachute Technologies, LLC, and A.A.D., SA made special appearances and now seek dismissal for insufficiency of process and insufficiency of service of process [28, 37, 65, 67, 69, 102]. These motions have been fully briefed and are now before the Court.

II.  Analysis

Six of the corporate Defendants named in the Complaint move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process.[1] Defendants primarily contend that Meek "did not plead any authority for service of process on an out of state Defendant" because he did not specify how the Mississippi long-arm statute is satisfied such that this Court can validly exercise *in personam* jurisdiction. *See* Def.'s Mem. [38] at 2–3. Defendants also suggest that Meek "never properly effectuated proper service" because he did not "plead or comply with the provisions of the Long Arm Statute, but instead [] merely served the Summons and Complaint." *Id.* at 6–7.

These arguments reach the Court in an odd posture. Defendants have not challenged personal jurisdiction under Rule 12(b)(2). They instead pursue Rules 12(b)(4) and 12(b)(5),

---

[1]Although each of the six Defendants filed a separate motion, each is substantively identical apart from the parties' names. As such, the Court will cite only to the first docketed motion when referring to Defendants' arguments.

claiming that Plaintiff insufficiently pleaded jurisdiction in the Complaint.  Defendants cite no relevant authority and their arguments find no support in the federal summons and pleading requirements under Rules 4 and 8 or the purposes behind Rules 12(b)(4) and 12(b)(5).

A Rule 12(b)(4) objection relates specifically to "the form of the process rather than the manner or method of its service . . . [and] is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Baton Rouge Total Care Ctr. v. Regency 14333*, No. 14-168-JWD-SCR, 2014 WL 5794995, at *1 (M.D. La. Nov. 6, 2014) (quoting 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.)).  Rule 4(b), in turn, describes the proper procedure for the clerk of court to sign, seal, and issue the summons to the plaintiff for service on the defendant.  *See* Fed. R. Civ. P. 4(b).  By comparison, a Rule 12(b)(5) objection is used to challenge the method of delivery or the lack of delivery of the summons and complaint, and allows a defendant to seek dismissal where the plaintiff does not comply with the service requirements of Rule 4(c).  *Williams v. Air-France-KLM, S.A.*, No. 3:14-CV-1244-B, 2014 WL 3626097, at *2 (N.D. Tex. July 23, 2014).

Defendants have not demonstrated a proper basis for dismissal under either Rule 12(b)(4) or 12(b)(5).  At no point in the memoranda supporting their motions do they call into question the content of the summons nor the method of delivery.  To the contrary, Defendants concede in each Motion that the Summons and Complaint were served on an individual at the addresses listed in the Complaint and make no objection that any of these individuals or addresses were unaffiliated with Defendants.  *See, e.g.*, Def.'s Mem. [38] at 6  7.  Defendants also offer no authority to support the contention that a plaintiff is required to plead detailed jurisdictional

4

facts—including how the state long-arm statute is satisfied—in the complaint to avoid dismissal under Rules 12(b)(4) or 12(b)(5). Indeed, Rule 8 is clear in requiring only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Defendants' Motions are denied.

III.    Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motions to Dismiss for Insufficiency of Process and Insufficiency of Service of Process [28, 37, 65, 67, 69, 102] are denied.

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE