UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID MEEK                                                                                         PLAINTIFF

V.                                                         CIVIL ACTION NO. 2:15cv4-DPJ-FKB

GOLD COAST SKYDIVERS, INC., et al.                                                DEFENDANTS

ORDER

This diversity case involving a skydiving accident is before the Court on the following motions: (1) Defendant Benjamin Crowell's Motion to Dismiss [32]; (2) Plaintiff David Meek's Motion to Amend Complaint [39]; and (3) Defendants Gold Coast Skydivers, Inc., Gold Coast SkySystems, LLC, and Emerald Coast Air, Inc.'s Motion to Dismiss [105]. Having fully considered the issues and the parties' submissions in light of the applicable standards, the Court finds that Crowell's Motion to Dismiss [32] should be denied; Gold Coast, SkySystems, and Emerald's Motion to Dismiss [105] should be granted in part and denied in part; and Meek should be given an opportunity to amend.

I.      Facts and Procedural History

According to the Complaint, Plaintiff David Meek, a Kentucky resident, was vacationing in Mississippi when he decided to go skydiving at the I.H. Bass, Jr. Memorial Airport in Lumberton, Mississippi. Meek engaged the services of Defendants Gold Coast, Emerald, and SkySystems (collectively the "Skydiving Defendants") who allegedly operate a recreational skydiving facility as a joint venture.

Meek, a novice with no prior skydiving experience, paid for a "tandem skydive," whereby he would be harnessed to an experienced skydiver (the "parachutist in command"). To

prepare for the jump, Meek watched a short safety video but received no other training. *See* Proposed Am. Compl. [39] ¶¶ 16–19.

After viewing the training video, Meek flew to jumping altitude in a plane owned—and allegedly operated—by Emerald. Meek and the parachutist in command, James Horak, jumped from the aircraft between 10:00 a.m. and 11:00 a.m., and shortly thereafter attempted to open the main canopy, but it failed to deploy properly. Horak then attempted to deploy the reserve parachute, but it too failed to deploy.

Under Federal Aviation Administration regulations, all tandem parachute systems are required to have an automatic activation device ("AAD") to force the deployment of the reserve parachute. The device employed in this case—a "Vigil II" model—never activated. Meek and Horak landed in a swampy area of Lamar County, Mississippi. *Id.* ¶¶ 20–25. Meek fell on top of Horak and survived; Horak was killed.

According to Meek, Defendants knew something had gone wrong, yet failed to notify the Sheriff's office until approximately 2:00 p.m. Rescuers ultimately discovered Meek and Horak between 3:00 p.m. and 5:00 p.m. Not surprisingly, Meek claims permanent injuries, including the inability to use his legs and the limited use of his upper extremities. *Id.* ¶¶ 26–29.

Meek filed suit in this Court on January 20, 2015, alleging negligence, gross negligence, products liability, and breach of express and implied warranties. He seeks damages totaling $25,000,000. In addition to the Skydiving Defendants, Meek also sued the following: (1) Leanne Igo (the president of Gold Coast and Emerald and a member of SkySystems); (2) Benjamin Crowell (a skydiving instructor and parachute rigger affiliated with Gold Coast, SkySystems, and/or Emerald); (3) United Parachute Technology, Inc. and Uninsured United

Parachute Technologies, LLC (the manufacturers of the tandem harness and container used to connect Meek and Horak); (4) Parachute Laboratories, Inc. (the main canopy designer and manufacturer); (5) Performance Designs, Inc. (the reserve parachute designer and manufacturer), (6) A.A.D., SA (the foreign manufacturer of the Vigil II AAD); (7) Vigil America, Inc. (A.A.D., SA's United States distributor); (8) the City of Lumberton, Mississippi (an alleged member of the joint venture to operate the skydiving facility); and (9) John Does 1–15.

Following service of process, Defendant Benjamin Crowell moved to dismiss the negligence and gross negligence claims under Rule 12(b)(6) [32]. Meek then filed a Motion to Amend the Complaint [39] along with a Proposed First Amended Complaint ("PFAC"). Finally, Gold Coast, SkySystems, and Emerald filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(c) [105]. The motions have been fully briefed, and the Court is prepared to rule.

II.     Analysis

The procedural posture of these motions is somewhat quirky. Defendant Crowell moved to dismiss, Meek responded, but Meek then moved to amend and add factual averments regarding Crowell. *See* PFAC [39-1] ¶ 21. Crowell objected to the proposed amendment on futility grounds. The PFAC also added averments regarding the Skydiving Defendants. But those parties did not object to Meek's Motion and later moved to dismiss the original Complaint, though they also reference allegations found in the PFAC.

This Order begins with Crowell. And because his futility arguments under Rule 15 track his Rule 12(b)(6) arguments, the Court will address those standards and then apply them to the PFAC to see whether Meek can amend in a way that avoids Crowell's Rule 12(b)(6) challenges.

The Court will then examine the Skydiving Defendants' arguments with respect to the Complaint and (to the extent referenced) the PFAC.

    A.    Standards

        1.    Rule 15

Rule 15(a)(2) governs amendments other than those available "as a matter of course," provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and explains that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see id.* R. 15(a)(1) (covering amendments "as a matter of course").

It is well established that "the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 624 (S.D. Tex. 2010) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *United States ex rel Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)). But leave to amend may be denied if the proposed amendment is "frivolous or futile." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

Furthermore, the Fifth Circuit has held that "refusal to grant leave to amend without a justification such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' is considered an abuse of discretion." *United States ex rel Adrian*, 363 F.3d at 403 (quoting *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962)). Indeed, a motion to amend can be denied only if the court has a "substantial reason" supporting denial. *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

    2. Rule 12(b)(6)

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

B.     Meek's Motion to Amend/Crowell Motion to Dismiss

Crowell contends that the PFAC is frivolous or futile because it lacks sufficient factual support for the claims to survive under Rule 12(b)(6).  *See, e.g.*, Crowell Resp. [50] at 1.  In the memorandum supporting his Motion, Crowell more specifically asserts that the allegations "amount to nothing more than mere recitals of the elements of a cause of action" and that Meek failed to offer "any specific factual support" for his claims.  Crowell Mem. [33] at 5.

In assessing a complaint's sufficiency, a court must first disregard all allegations that amount to legal conclusions and then determine whether the remaining factual allegations state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Crowell is correct that many of Meek's allegations should be ignored under this standard.  For instance, Meek alleges that "Crowell negligently failed to properly pack and rig the parachutes" and "negligently failed to ensure that the Vigil II AAD was working properly and armed during Meek's jump."  FAC [39-1] ¶¶ 33, 37.

But Meek also offers factual averments in his PFAC.  In particular, Meek alleges that Crowell "was the rigger/packer . . . who packed the main canopy . . . [and] the reserve chute." *Id.* ¶¶ 21–22.  He further avers that Horak was an experienced skydiver, conditions were perfect, Horak "attempted to open the main canopy, [but] it failed to deploy properly," Horak then "attempted to deploy the reserve chute, but it too failed to open," and Meek was "gravely injured" as a result.  *Id.* ¶¶ 19, 21–22, 24, 29.

Crowell does not fully account for all of these facts and instead asserts that these allegations are insufficient because they lack a "factual narrative as to how the parachutes were allegedly improperly packed, in what manner the tandem system was improperly rigged, or what actions of Crowell actually led to the accident."  Crowell Mem. [33] at 5.

The issue is a fairly close call. As Crowell notes, Meek's two-page response relies on a legal standard the United States Supreme Court flatly repudiated nearly a decade ago in *Iqbal* and *Twombly*. Regardless, *Iqbal* and *Twombly* do not require a complete case at the pleading stage. Instead, a plaintiff must demonstrate with "factual content" that "[a] claim has facial plausibility . . . ." *Iqbal*, 556 U.S. at 678. Facial plausibility is "context-specific," and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2); *Twombly*, 550 U.S. at 556)). As stated *supra*, "[t]his standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587 (quoting *Twombly*, 550 U.S. at 556).

In the present case, the Court must assume as true the allegation that Crowell packed and rigged the parachute. It must also accept that despite perfect conditions and an experienced skydiver who attempted to deploy the main canopy and reserve chute, they failed to deploy properly. Judicial experience and common sense indicate a reasonable expectation that discovery will reveal evidence supporting the claims against Crowell. If they do not, Crowell may revisit the issue under Rule 56. Accordingly, the Motion to Amend is granted, and Crowell's Motion to Dismiss is denied.

   C.  The Skydiving Defendants' Motion to Dismiss

In a joint motion, Emerald moves to dismiss all claims against it under Rule 12(b)(6), and Gold Coast and SkySystems—having already filed their Answers—move for judgment on the pleadings under Rule 12(c). "A motion for judgment on the pleadings under Rule 12(c) is

subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

1. Collectively Pleaded Claims

The Skydiving Defendants correctly observe that Meek repeatedly lumps all three Defendants together when attempting to state his claims. For example, Meek avers that "Gold Coast, SkySystems, *and/or* Emerald" negligently failed to train him, improperly packed the parachute, improperly packed the tandem harness and container, permitted an untrained novice to skydive, failed to promptly call first responders, and failed to ensure the AAD was working properly. *See generally* Compl. [1] ¶¶ 13–17, 31 (emphasis added). Meek responds to this argument in various ways, none of which are compelling.

As an initial matter, Meek baldly contends that he has satisfied notice pleading standards and is not required to plead specific facts because this is not a fraud claim. Pl.'s Resp. [110] at 11. But as stated above, Meek must plead facts sufficient to show a facially plausible claim. *Twombly*, 550 U.S. at 555.

Meek also argues—without authority—that he should be given the benefit of discovery before offering more specific assertions regarding the specific defendants. Pl.'s Resp. [110] at 2, 4–5. That too misstates the law. *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) ("Because the court is directed to look solely at the allegations on the face of the pleadings, discovery would not assist the Plaintiffs in defending the 12(c) motion."); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) ("[A] 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits.").

Next, Meek contends that there is nothing preventing him from bringing the same claims against more than one defendant. Pl.'s Resp. [110] at 3. That statement is obviously true on some level. But the issue is whether Meek has presented enough facts to show a plausible claim against each individual Defendant. Here, Meek offers no insight into which of the Skydiving Defendants is at fault for the various claims and instead uses the conjunction "and/or." *See, e.g.*, Compl. [1] ¶ 31 ("Gold Coast, SkySystems, and/or Emerald negligently failed to train . . ."). The fact that Meek uses the word "or" belies his contention that each Defendant is actually liable for each claim.

The Skydiving Defendants are separate legal entities for which the Court must determine whether a facially plausible claim exists. For primarily that reason, numerous cases from this and other courts have rejected such collective pleading. *See, e.g.*, *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14CV3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."); *Ware v. U.S. Bank Nat. Ass'n*, No. 3:13CV387DPJ-FKB, 2013 WL 6805153, at *4 (S.D. Miss. Dec. 20, 2013) (dismissing claims without prejudice and noting that plaintiffs "should avoid lumping the defendants together and should instead separately allege the scope of any duties owed and conduct alleged to have breached those duties as to each defendant").

There are, however, certain contexts where separate legal entities can face collective liability. In this case, Meek attempts to show that the Skydiving Defendants are a joint venture and urges the Court to "pierce the corporate veil." Pl.'s Resp. [110] at 6.

9

Starting with joint ventures, Mississippi law generally holds that "two or more corporations are separate and distinct entities although the same individuals are the incorporators of, or own stock, in the several corporations, and although such corporations may have the same persons as officers." *Murdock Acceptance Corp. v. Adcox*, 138 So. 2d 890, 895 (Miss. 1962). But members of a joint venture can be held vicariously liable for another member's conduct. *See Duggins v. Guardianship of Washington Through Huntley*, 632 So. 2d 420, 427 (Miss. 1993).

"A joint venture is broadly defined as 'an association of persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, efforts, skill and knowledge.'" *Stewart v. Lofton Timber Co., LLC*, 943 So. 2d 729, 734 (Miss. Ct. App. 2006) (quoting *Pittman v. Weber Energy Corp.,* 790 So. 2d 823, 826 (Miss. 2001)). "The enterprise must be for the parties' mutual benefit with an understanding that they are to share in profits or losses and each have a voice in its management." *Id.* Thus, "a joint venture is a single-purpose partnership evidenced by intent, control, and profit sharing." *Braddock Law Firm, PLLC v. Becnel*, 139 So. 3d 722, 726 (Miss. Ct. App. 2013), *reh'g denied* (Jan. 14, 2014), *cert. denied*, 140 So. 3d 940 (Miss. 2014). "In order to show intent, a movant must establish by the proof that the parties intended to be legally bound to one another for the purpose of reaching a singular goal." *Id.*

Here, Meek attempts to invoke this theory by stating in the Complaint that "Gold Coast, SkySystems, *and/or* Emerald . . . were engaged in a joint venture to operate the I.H. Bass, Jr. Memorial Airport as a skydiving facility." Compl. [1] ¶ 16 (emphasis added). He adds in his PFAC that "[a]t all times complained of, all Defendants were agents, principals, employees, joint venturers and/or participants in an enterprise for profit . . . ." PFAC [39-1] ¶ 45. These

10

averments constitute "no more than conclusions, [that] are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.

Meek does, however, offer other averments that present a closer question. For instance, he alleges that Igo is president of Gold Coast and Emerald and a member of SkySystems. Compl. [1] ¶ 5. He further contends that the Skydiving Defendants "are all operated by Leanne Igo indistinguishably as regards the entities' assets, revenue, and the like." *Id.* ¶ 38; *see also id.* ¶ 49. Even assuming these assertions are not themselves conclusory, Meek offers no authority suggesting that they demonstrate a facially plausible joint-venture claim. Sharing assets and revenue does not necessarily mean these separate entities—one of which is a limited-liability corporation for which Igo is merely described as a "member"—each had the intent to be bound or exhibited other characteristics of a joint venture. And there are no other pleaded facts explaining how assets or revenue are shared or how these entities are engaged in a joint venture. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Based on the existing pleadings, the Court cannot at this point say a joint-venture claim is facially plausible.[1]

Meek also urges the Court to pierce the corporate veil. Assuming Meek asserts this theory as Defendants infer, Meek has not yet provided sufficient facts to utilize it.

> In order to pierce this corporate shield, the [plaintiff] must prove the following:
> (I) some frustration of contractual expectations regarding the party to whom he

---

[1] Rule 12(b)(6) motions are obviously case specific, and this case presents a borderline call. But because amendment will be allowed after some discovery, the Court is comfortable with this approach and believes the correct parties and claims will eventually be identified. *See infra*.

11

> looked for performance; (ii) the flagrant disregard of corporate formalities by the defendant corporation and its principals; [and] (iii) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder.

*Hardy v. Brock*, 826 So. 2d 71, 75 (Miss. 2002) (citing *Gray v. Edgewater Landing, Inc.,* 541 So. 2d 1044, 1047 (Miss. 1989)).  Meek offers no authority or argument explaining how his averments satisfy this test.  As the record stands, the Court is not yet convinced that Meek has stated a sufficient claim for piercing the corporate veil.

In sum, Meek has not offered enough facts to find a plausible claim that these defendants should be collectively liable under joint-venture or alter-ego type theories.   And absent such a theory, he has not shown a facially plausible claim as to each Skydiving Defendant related to his separate causes of action.  Accordingly, the claims—to the extent they are collectively pleaded as to all three Skydiving Defendants—are not sufficient to survive Rules 12(b)(6) and 12(c).

    2.  Specific Claims

Having addressed the claims to the extent Meek collectively pleaded them, the Court now examines the separate claims against specific defendants.

      a.  Negligent Failure to Train

Meek asserts that the Skydiving Defendants are each liable for negligently failing to train him before the jump.  As Defendants note, federal regulations state that

> no pilot in command of an aircraft may allow any person to conduct a parachute operation from that aircraft using a tandem parachute system, unless . . . (2) The person acting as parachutist in command:  (i) Has briefed the passenger parachutist before boarding the aircraft. The briefing must include the procedures to be used in case of an emergency with the aircraft or after exiting the aircraft, while preparing to exit and exiting the aircraft, freefall, operating the parachute after freefall, landing approach, and landing.

14 C.F.R. § 105.45(a)(2)(i).  This is precisely the training Meek says he never received.  *See* Compl. [1] ¶ 31.  But the Skydiving Defendants contend that Meek fails to adequately state which Defendant, if any, had that duty.

Meek meets his burden with respect to Emerald.  As stated in the Complaint, Emerald owned the aircraft involved in the jump.  *Id.* ¶ 20.  And "Emerald and its unknown pilot-in-command negligently permitted an untrained and improperly briefed novice to jump in tandem with Horak."  Compl. [1] ¶ 35.  As stated *supra*, a plaintiff need not prove his or her case at the outset.  The question is whether Meek has stated enough facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."  *In re S. Scrap Material Co., LLC*, 541 F.3d at 587.  Here, the pilot had a regulatory duty to provide the specific information Meek claims to have been denied, and Meek sufficiently links the pilot to Emerald.  The claim has facial plausibility as to Emerald, but not the other Skydiving Defendants.  The Motion to dismiss is denied as to Emerald and granted, without prejudice to refiling, as to Gold Coast and SkySystems.

b. Negligence in Packing the Parachute

Meek contends that all three Defendants are responsible for Crowell's alleged negligence in packing the parachute.  But the Skydiving Defendants assert that he has failed to indicate which Defendant holds that duty.  Meek's only response to this assertion is that his pleading is sufficient as to all three Defendants because the canopy failed to open.  Pl.'s Resp. [110] at 7.

Meek offers no authority for this argument, and the Court is not convinced that the accident itself proves *each* corporate Defendant is responsible for the allegedly negligent packing job.  It may prove true that one or more of the Skydiving Defendants could ultimately

13

face vicarious liability for Crowell's alleged actions, but the facts as currently pleaded do not state a plausible claim. The Motion is granted without prejudice to refiling as to the Skydiving Defendants.

                c.      Negligence/Gross Negligence in Packing Tandem Harness and Container

This claim suffers from the same defects as the negligence claim related to packing the parachute. While Meek argues in response that the Complaint avers Crowell "is affiliated with Gold Coast, SkySystems, and/or Emerald" and "was acting as [their] agent," Pl.'s Resp. [110] at 7, the asserted status is merely a legal conclusion the Court does not consider. *Iqbal*, 129 S. Ct. at 1950. Regardless, the facts are not sufficient to link the conduct to any specific defendant.

In addition, the Skydiving Defendants argue that Meek neglected to allege any facts suggesting that the harness or container actually failed. Unlike the canopy-related claims, it is not apparent that these components were causally related to the accident or Meek's injuries. In any event, Meek never responds to this argument and has failed to show a facially plausible claim against the Skydiving Defendants for negligently preparing the tandem harness or container. The motion is granted without prejudice to refiling.

                d.      Vicarious Liability for Igo's Alleged Failure to Promptly Notify Authorities

Meek contends that Igo knew an accident had occurred and yet failed to immediately contact authorities, which exacerbated his suffering. Compl. [1] ¶ 36. The Skydiving Defendants argue that this claim lacks sufficient facts to establish vicarious liability. Meek's response states—in its entirety—the following:

> Defendant Gold Coast, SkySystems and/or Emerald again argue that Plaintiff had to "allege specific facts." Specific facts are only required for allegations of fraud.

> Plaintiff sufficiently alleged facts that Igo was the owner and/or operator of Gold Coast, SkySystems and/or Emerald and as such, these Defendants can be liable for her negligent failure to promptly and properly notify authorities.

Pl.'s Resp. [110] at 8.

Aside from the incorrect and unsupported legal standard, Meek has not stated sufficient facts. It is true Meek pleaded that Igo "owned and operated" the Skydiving Defendants. *See* Compl. [1] ¶ 49. But absent a plausible claim that the three were engaged in a joint venture or that the Court should ignore corporate identities, it is not at all clear which, if any, of the three might be vicariously responsible for the alleged delay. This claim is likewise insufficient, and the motion is granted without prejudice to refiling.

          e.        Failure to Ensure AAD was Operating

The Skydiving Defendants seek dismissal of the negligence and gross negligence claims based on the failure to ensure that the Vigil II AAD was armed and functioning properly in preparation for Meek's jump. To this end, the Skydiving Defendants first suggest that Meek never pleaded that the AAD was supposed to activate during his jump and that he "alleges no facts that would lead to a reasonable inference that failure to ensure the AAD was working properly was a cause of Plaintiff's damages." Defs.' Mem. [106] at 11–12.

This position flows from the argument that the AAD was designed to deploy when a jumper hits a certain velocity/altitude. *Id.* And because Meek did not plead his velocity, Defendants contend that the AAD may have functioned properly. But Defendants support that argument with reference to an internet cite discussing the AAD. Such materials, aside from being hearsay, are beyond the scope of review under Rule 12(b)(6).

Looking then to Meek's averments, he states that the AAD is designed to force open the reserve parachute in the event of an emergency. He further contends that the main and reserve canopies never deployed and the AAD in use for his jump—the Vigil II—never activated. PFAC ¶ 23. These facts would be sufficient at this stage, but for the fact that Meek fails to indicate which Skydiving Defendant had and allegedly breached the duty to check the AAD. Meek never responds to this portion of the argument, and accordingly the claim is dismissed without prejudice to refiling.

### f. Product Liability

Defendants move to dismiss the product-liability and breach-of-warranty claims against SkySystems related to the allegedly defective Vigil II AAD. They assert the "innocent seller" immunity provision of the Mississippi Products Liability Act (MPLA). Miss. Code Ann. § 11-1-63(h). The statute, which applies to actions premised on strict products liability and breach of implied warranty, provides in pertinent part:

> In any action alleging that a product is defective . . . the seller or designer of a product other than the manufacturer shall not be liable unless the seller or designer exercised substantial control over the design, testing, manufacture, packaging or labeling of the product . . . or the seller or designer altered or modified the product . . . or the seller or designer had actual or constructive knowledge of the defective condition of the product at the time he supplied the product.

*Id.*

In *Thomas v. FireRock Products, LLC*, the court interpreted this provision to be an affirmative defense under the MPLA, meaning that dismissal on this basis "is only appropriate if it is apparent from the face of the complaint." 40 F. Supp. 3d 783, 792 (N.D. Miss. 2014) (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir.

2006)). The court in that case denied the motion to dismiss because the plaintiffs "explicitly pled that [the defendant] had actual or constructive knowledge of the defect." *Id.*

In this case, Meek's only allegations are that "SkySystems is a dealer for the Vigil II device" and that it and other Defendants "were the manufacturer, designer, and sellers of a product, the Vigil II automatic activation device, that was defective and unreasonably dangerous, and caused or contributed to Meek's severe injuries . . . ." PFAC [39-1] ¶¶ 23, 53. At no point does Meek aver that SkySystems exercised substantial control over the design, testing, manufacture, packaging, or labeling of the Vigil II, that it altered or modified the Vigil II, or that it had actual or constructive knowledge of a defective condition. Furthermore, the Complaint does not contain any allegations that SkySystems sold the particular Vigil II device responsible for Meek's injuries or that SkySystems made any express warranties or representations to Meek regarding the device. For these reasons, the Court finds that Meek has failed to offer sufficient allegations to state a plausible claim for relief on this issue. This portion of Defendants' Motion is granted without prejudice.

D.   Dismissal Without Prejudice

The Skydiving Defendants seek dismissal of all claims with prejudice, believing Meek has pleaded his best case. Defs.' Reply [113] at 5. This argument seems more than a little inequitable. Defendants no doubt know how they are structured and for whom the various individuals actually worked. That Meek lacked this specific knowledge before filing suit should not forever bar the courthouse doors.

In *Hart v. Bayer Corporation*, the Fifth Circuit Court of Appeals observed that "a plaintiff's failure to meet the specific pleading requirements should not automatically or

17

inflexibility result in dismissal of the complaint with prejudice to re-filing." 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). Thus, "[a]lthough a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

The present case has not yet proceeded to a case-management conference, the Court has not entered a scheduling order establishing a deadline to amend, and the statute of limitations on these negligence claims does not run until August 3, 2016. The Court sees no harm in dismissing the claims without prejudice and anticipates that early discovery will answer many of these questions. At that point, Meek may elect to file another motion to amend and join the correct parties.[2] Alternatively, the parties could, as often occurs, jointly identify the proper parties and avoid further delay. In any event, the magistrate judge should discuss these issues with counsel when crafting an appropriate scheduling order.

III.   Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Crowell's Motion to Dismiss is denied and Gold Coast, SkySystems, and Emerald's Motion to Dismiss is granted in part and denied in part. Meek will, however, be given an opportunity to amend his Complaint to address the aforementioned deficiencies.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2016.

                                       s/ *Daniel P. Jordan III*
                                       UNITED STATES DISTRICT JUDGE

---

[2]If this occurs, Meek would be well advised to plead his best case.